## REDFIELD *v.* FLORENCE.

A law providing for the submission of amendments to the charter of a city to the vote of the electors thereof, does not establish a special election within the meaning of the sixth chapter of the first part of the Revised Statutes, and there is no legal objection to the holding of a court and the trial of an action on the day designated for taking such vote.

A justice of one of the district courts of the city of New York cannot, of his own will, direct an adjournment of the trial of a cause for a longer period than six days. (2 R. L. of 1813, p. 370, § 87.)

But where both parties consented to an adjournment, and the justice thereupon postponed the trial ten days, in which they acquiesced; it was *held,* that neither party could, on appeal, object to the jurisdiction of the court below, f exercised on the adjourned day.

Redfield *v.* Florence.

Where, under such circumstances, the justice, at the time to which he had thus postponed the trial, directed a further adjournment of one day, without the consent of both parties, he was held to have lost jurisdiction.  *Per* Ingra-ham, First J., and Woodruff, J., concurring; Daly, J., dissenting.

In the absence of the justice on the return day of process, or upon any day to which a cause shall have been adjourned, the clerk may direct an adjourn-ment to such time as the justice may be in attendance, not exceeding six days.

Such adjournment by the clerk is sufficient, if stated by him to either party in attendance at the time and place when the same is made, although the entry thereof upon the minutes be made subsequently by the justice himself.  *Per* Daly, J.

This cause was commenced by a summons issued from one of the district courts.   On the return day of the process, both parties appeared, and the plaintiff requested an adjourn-ment, to which the defendant consented.   The justice there-upon announced a postponement of the trial, and fixed the time ten days thence.   Neither party made objection.

It afterwards appeared, that the day to which the cause was so adjourned, was the day designated by the legislature (Laws of 1853, p. 414) for the submission, to the popular vote of the city of New York, of certain proposed amend-ments to the charter.

The defendant's counsel appeared and stated that his client would not attend.   The plaintiff was not in attendance in person or otherwise.   The justice being absent, the clerk stated that the trial would be adjourned to the next day. This adjournment was afterwards entered by the justice him-self in his minutes.

Judgment in favor of the plaintiff was rendered the fol-lowing day, by default, and the case came to this court on the defendant's appeal.

Woodruff, J.—The justice returns that he adjourned the cause for ten days, for the plaintiff's benefit, and that he felt himself warranted in doing so, because the defendant applied for an adjournment.   He does not return what adjournment the defendant sought, nor that the defendant consented to the

Redfield *v.* Florence.

postponement for so long a period. On the contrary, it would seem that he acted upon the idea, that the defendant having invoked the exercise of his power to adjourn, there was no limit to the discretion vested in him in fixing the time. I think he erred in this, and that he could not, without express consent, have gone beyond the period fixed by statute. It nevertheless appears by the return that the defendant did not object. It may be that he was not in strictness bound to object, and that he was quite willing that the justice should lose jurisdiction in that way, leaving it to the plaintiff to protect himself by raising the objection; but I am not willing to encourage an appeal founded upon such grounds, where the defendant, by his seeming acquiescence, encouraged the belief that he consented to the adjournment.

In the subsequent adjournment, however, I think there was manifest error. Neither party consented to any further adjournment. I agree with Judge DALY, that there was no legal objection to a trial on the day to which the adjournment was had, founded in the so-called election, or taking the vote of the citizens upon the amended charter, (7 Hill, 194,) and, therefore, the cause should have been tried on that day. It does not appear that the plaintiff appeared at all on that day; nor that the defendant attended before the justice, or otherwise, except that his counsel came and informed the clerk of the court that he should not appear.

I think the justice had lost jurisdiction and could not proceed in the cause the next day, and that the judgment should therefore be reversed.

INGRAHAM, FIRST J., concurred.

DALY, J., dissenting.—If the adjournment had been on the motion of the justice, it could not have been beyond six days; (2 R. Laws, 371, § 87;) but it was made upon the application of the defendant and as the plaintiff wished time to give notice of his intention to examine the assignor as a witness. The 7th of June was fixed upon by the justice,

without any objection on the part of the defendant. It was an adjournment by the consent of parties. The justice fixed the time, but neither party expressed any dissent, and the defendant attended on the adjourned day, by his counsel.

An adjournment to that day was regular, and the cause was not out of court, for the justice had a right to hold court upon that day, and proceed with the trial. (*Matter of the Election Law*, 7 Hill, 194.) The election directed to be held on the 7th of June, by the act of 1853, (Laws of 1853, p. 414,) was neither a general nor a special election, as defined by chapter 6 of part first of the Revised Statutes. The elections there referred to are elections for state, district, or county officers; but this was an election to take the sense of the electors of the city and county of New York, in respect to certain proposed amendments to their charter.

On the 7th of June, the justice being absent, it was competent for the clerk to adjourn the cause to the following day. (2 R. S. 4th ed. 434, § 45; Laws 1840, p. 123.) The appellant's attorney applied to the clerk, and was informed by him that the cause would be adjourned until the next day. This was a sufficient adjournment on the part of the clerk; and the fact that the justice afterwards came in, and made an entry in his own handwriting of the adjournment of which the clerk had previously given notice, does not make it less a regular adjournment by the clerk. The appellant, having been apprised by the clerk of the time to which the cause was adjourned, and the cause having been adjourned to that day, cannot urge this objection. He had notice, and could have attended and made his defence upon the following day. But he was evidently under the impression that the cause was out of court—an election being held on that day, and that neither clerk or justice had any power to continue the process, in which opinion he was, I think, mistaken. He saw fit to rest the whole case upon this objection, instead of availing himself of the opportunity afforded him of making his defence upon the following day, if he had any, and he must now take the consequences.          Judgment reversed.